UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

GARY LABARBERA and THEODORE KING,
as Trustees and Fiduciaries of the Local 282
Welfare Trust Fund, the Local 282 Pension
Trust Fund, the Local 282 Annuity Trust Fund,
and the Local 282 Job Training Trust Fund,          **MEMORANDUM & ORDER**

                  Plaintiffs,          Consolidated Civil Action Nos.
                                       03-6112; 04-5178
      -against-          (DRH) (ARL)

CRETTY ENTERPRISES, INC.  and
ASBESTOS TRANSPORTATION
COMPANY, INC.,

                  Defendants.
-------------------------------------------------------------X

**APPEARANCES:**

**Cohen, Weiss and Simon LLP**
Attorneys for Plaintiffs
330 West 42nd Street
New York, New York 10036
By:    Elizabeth O'Leary, Esq.
       Bruce S. Levine, Esq.
       Oriana Vigliotti, Esq.

**Weinberg, Gross & Pergament LLP**
Attorneys for Defendants
400 Garden City Plaza, suite 403
Garden City, New York 11530
By:    Marc A. Pergament, Esq.


**HURLEY, Senior District Judge:**

By Memorandum and Order dated November 28, 2007 (the "Decision"), the Court

granted, in part, the motion for summary judgment by Plaintiffs, the fiduciaries of Local 282

Employee Benefit Plans ("Plaintiffs"), and held that (1) Defendants Cretty Enterprises Inc.

("Cretty") and Asbestos Transportation Company, Inc. ("Asbestos") be considered alter egos

and/or a single employer and together constitute an appropriate bargaining unit part, and are

jointly and severally liable for (a) $4,341.82, plus interest thereon through February 5, 2007 in

the amount of $3,290.17; (b) $16, 243.20, plus interest thereon in the amount of $7, 421.82; and

(c) $119,482.85, plus interest thereon through February 5, 2007 in the amount of $86,500.67; and

(2) directing Asbestos to submit to an audit of its books and records for the period January 1,

2004 through June 30, 2005.  To the extent Plaintiffs' motion sought an order directing Cretty to

post a bond, the motion was denied without prejudice.  Presently before the Court is Plaintiffs'

motion for reconsideration of that portion of the Decision that denied Plaintiffs' motion to have

Cretty post a bond in the amount of $10,000.00.  The motion for reconsideration is granted and

upon reconsideration, Cretty is directed to post a surety bond in the amount of $10.000.00.

The background relevant to the instant motion is contained in the Decision, familiarity

with which is presumed, and will not be repeated here.  The relevant question on this motion is

whether Cretty should be ordered to post a surety bond when its collective bargaining agreement

with Plaintiffs has expired.

The relevant language in the collective bargaining agreement is as follows: "The

Employer shall provide a surety bond to guarantee payment of contributions to the Welfare,

Pension, Annuity and Job Training Funds and dues to the Union as provided for in this

Agreement."  Collective Bargaining Agreement at § 14.  The amount of the bond is determined

by the number of employees, with the smallest bond being $10,000.00  for one (1) to five (5)

employees.  The collective bargaining agreement further provides that in lieu of a bond an

employer may, with the Trustees' permission, either deposit cash into an escrow account or deliver a personal guarantee.

In *King v. Plan-It Constr. & Equip. Co.,* 179 F. Supp. 2d 71 (E.D.N.Y. 2002), Judge Spatt construed identical language in a collective bargaining agreement to require the employers to maintain the bond until after a close-out audit has been completed even though the term of the collective bargaining agreement had expired with no new agreement taking its place. For the reasons stated in Judge Spatt's well -reasoned decision, this Court concludes that Cretty is required to maintain a surety bond until the close-out audit is completed.

*Brown v. J.F.H. Mak Trucking*, 1999 WL 1057274 (E.D.N.Y. Nov. 8, 1999), relied upon by Cretty, is distinguishable from the present case. In *Brown*, the obligation to post a bond stemmed from a court order directing the posting of a bond "during the duration of the collective bargaining agreement." *Id*. at *2. Here, as in *Plan-It*, the obligation to post a bond stems from the collective bargaining agreement and not a court order as in *Brown*.

Based on the foregoing, the motion for reconsideration is granted and upon reconsideration Cretty is directed to post a surety bond in the amount of $10,000.00 in the manner provided in the collective bargaining agreement within ten (10) days of the date hereof and to maintain said surety bond until such time as Plaintiffs complete the final close-out audit.

**SO ORDERED.**

Dated: Central Islip, New York
        January 29, 2008

/s/_____
Denis R. Hurley
Senior District Judge